# In the United States Court of Federal Claims

No. 17-1657 L

Filed: November 29, 2017

```
*************************************
                                     *
ANDRUS, et al.,                      *
                                     *
    Plaintiffs,                      *
                                     *
v.                                   *
                                     *
THE UNITED STATES,                   *
                                     *
    Defendant.                       *
                                     *
*************************************
```

**ORDER REGARDING JUDICIAL ASSIGNMENT, APPOINTMENT OF PLAINTIFFS' COUNSEL FOR THE PURPOSE OF PRE-TRIAL DISCOVERY, DISPOSITIVE MOTIONS FOR PARTIAL OR SUMMARY JUDGMENT AND/OR CROSS-MOTIONS PURSUANT TO RULE OF THE UNITED STATES COURT OF FEDERAL CLAIMS 56 AND/OR A TRIAL ON LIABILITY, AND SCHEDULING.**

On November 1, 2017, eighty-one plaintiffs filed the above-captioned complaint, alleging the United States Army Corps of Engineers' release of water from the Town Bluff Dam near Jasper, Texas in the wake of Hurricane Harvey resulted in a taking of their respective property, in violation of the Takings Clause of the Fifth Amendment to the United States Constitution. Am. Compl. ¶¶ 1–134.

## I.    Assignment Of A United States Court Of Federal Claims Judge.

The Honorable Elaine D. Kaplan of the United States Court of Federal Claims is hereby assigned to manage pre-trial discovery and adjudicate all pre-trial dispositive motions.

## II.    Appointment Of Counsel For Pre-Trial Discovery And Dispositive Motions.

The court makes the following appointment of Plaintiffs' Counsel for the purposes set forth herein.

Ms. Christine L. Stetson received her Juris Doctor, *cum laude*, from Albany Law School. Ms. Stetson is an associate at the Beaumont, Texas firm Bernsen Law Firm, where she specializes

in complex civil litigation. Ms. Stetson is admitted to the bar of the United States Court of Federal Claims. The court appoints Ms. Stetson as Lead Counsel for the purposes set forth herein.[1]

The above-referenced appointed counsel satisfies the criteria for selection, set out in the MANUAL FOR COMPLEX LITIGATION (4th ed. 2004) and *MDL Standards and Best Practices*, DUKE LAW SCHOOL CENTER FOR JUDICIAL STUDIES (Sept. 11, 2014), https://law.duke.edu/sites/default/files/centers/judicialstudies/MDL_Standards_and_Best_Practices_2014-REVISED.pdf.

All appointed counsel will be compensated, pursuant to 42 U.S.C. § 4654(c), for work on pre-trial discovery issues and dispositive motions, including any subsequent appeals. *See Hensley v. Eckerhart*, 461 U.S. 424 (1983); *see also Hubbard v. United States*, 480 F.3d 1327 (Fed. Cir. 2007). In that regard, appointed counsel are expected to keep and maintain detailed time records from the date of this Order, take care to limit the use of law firm personnel (partners, associates, and paralegals), only to the extent absolutely necessary to meet professional standards of due diligence and care, and minimize ancillary expenses.

### III. Schedule.

To ensure the expeditious and orderly management of pre-trial jurisdictional discovery, dispositive motions, and/or a trial on liability, the court establishes the following schedule.

On or before February 6, 2018, all initial disclosures and electronically stored information and hard copy documents filed in the pre-trial phase of this case, will be provided to opposing counsel.

On or before March 7, 2018, the Government will file an Answer, pursuant to RCFC 7(a)(2), in response to any Amended Complaint filed on or before January 22, 2018. Thereafter, the parties may conduct discovery, subject to court Order, including any expert discovery, to conclude no later than June 7, 2018.

On or before June 22, 2018, Plaintiffs will file a Motion For Summary Judgment, pursuant to RCFC 56.

On or before July 23, 2018, the Government may file a Response and/or Cross-Motion to Plaintiffs' June 22, 2018 Motion For Summary Judgment.

---

[1] Where "diverse interests exist among the parties, the court may designate . . . counsel representing different interests." MANUAL FOR COMPLEX LITIGATION § 10.224 (4th ed. 2004). Ms. Stetson has filed a complaint on behalf of individual plaintiffs. In the event that an indirectly related complaint is filed that seeks class action certification, the court reserves the right to appoint Co-Lead Counsel to represent the interests of property owners who may ultimately decide to opt-in to a certified class. *See* RCFC 23 Rules Committee Notes (Rule 23 "only contemplates opt-in class certifications"); RCFC 40.2(b)(2)(A)–(B) ("cases are indirectly related when they present common issues of fact and their consolidation for purposes of coordinated discovery can be expected significantly to promote the efficient administration of justice").

On or before August 7, 2018, Plaintiffs may file a Response to the Government's July 23, 2018 Cross-Motion and/or a Reply to the Government's July 23, 2018 Response.

On or before August 21, 2018, the Government may file a Reply to Plaintiffs' August 7, 2018 Response.

On or before November 5, 2018, the court will convene an oral argument on any dispositive motions. The court will determine the date, time, and location of the oral argument in a separate Order.

If contested facts preclude disposition of this case on partial or summary judgment, pursuant to RCFC 56, this case will be set for a trial on liability by the assigned judge, at the earliest date available.

Page limitations for briefs and court filings, set forth in RCFC, are suspended. No extensions of time will be granted, but for extraordinary circumstances.

**IT IS SO ORDERED.**

s/ Susan G. Braden
**SUSAN G. BRADEN**
**Chief Judge**